# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-five.**

**PRESENT:**

**SUSAN L. CARNEY,**
**MICHAEL H. PARK,**
**MARIA ARAÚJO KAHN,**
*Circuit Judges*.

---

**Vikram Kuriyan,**

*Plaintiff-Appellant*,

**v.** **24-2212**

**Joel Schreiber,**

*Defendant-Appellee*.*

---

* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | David K. Bowles, Bowles & Johnson, PLLC, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | Joel Schreiber, pro se, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Vikram Kuriyan appeals from the district court's dismissal of his complaint against Joel Schreiber. Kuriyan alleged that Schreiber violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d), by inducing Kuriyan to offer him five unenforceable loans. The district court concluded that Kuriyan's claim was precluded by a prior New York state-court action that Kuriyan had brought against Schreiber. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review de novo the district court's application of the principles of res judicata" and "give to a state-court judgment the same preclusive effect as would

be given that judgment under the law of the State in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (cleaned up).

Kuriyan's prior suit against Schreiber was filed in New York state court. "In New York, res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008) (cleaned up). This rule "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *In re Hunter*, 4 N.Y.3d 260, 269 (2005).

On review, we affirm the district court's res judicata ruling. First, Kuriyan's state-court action resulted in "a judgment on the merits." *Applied Card Sys., Inc.*, 11 N.Y.3d at 122. The Appellate Division concluded that "the five loans . . . were, on their face, criminally usurious and, as such, void and unenforceable," and it dismissed Kuriyan's complaint "in its entirety." *Kuriyan v. Schreiber*, 209 A.D.3d 406, 406-07 (1st Dep't 2022).

Second, Kuriyan's RICO action is based on the same allegations about the

same loans as his prior state-court action. *Compare* Joint App'x at 98 (alleging in state-court action that Schreiber "engaged in a pattern and practice of defrauding lenders and investors by employing the strategy of offering to take loans under terms that would otherwise be unenforceable"), *with* Joint App'x at 300 (alleging in this case that Schreiber's "regular way of doing business is to induce third parties to make loans to Schreiber at usurious rates, in the knowledge that [he] cannot be compelled to repay the loans").

On appeal, Kuriyan argues that he could not have brought his RICO claims in his state-court suit because those claims were not yet ripe. Specifically, Kuriyan argues that his RICO injury was still "speculative" so long as "contractual or other legal remedies remain[ed]" available. Kuriyan Br. at 14 (quotation marks omitted). But Kuriyan did not raise this argument before the district court, so we decline to reach it here. *See Windward Bora LLC v. Sotomayor*, 113 F.4th 236, 245 (2d Cir. 2024) ("Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." (cleaned up)).

We have considered Kuriyan's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court